**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | **NO.  11-562** |
| | : | |
| **JAMES BLAKNEY** | : | |

**MEMORANDUM OPINION**

**Savage, J.**                                                    **September 15, 2016**

Pursuant to a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), defendant James Blakney pleaded guilty to the charge of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  He agreed that a sentence of 180 months imprisonment was appropriate.  As part of his agreement, Blakney reserved the right to appeal both the denial of his motion to suppress and his sentence based on his status as an armed career criminal under 18 U.S.C. § 924(e).

Prior to entering his guilty plea, Blakney filed and litigated a motion to suppress physical evidence that had been seized in a search pursuant to a warrant.  His motion, based on *Franks v. Delaware*, 438 U.S. 154 (1978), claimed that the affidavit of probable cause contained material misstatements and omissions.  After an evidentiary hearing, his motion was denied.

Based upon a total offense level of 32 and a criminal history category of VI, the applicable sentencing guideline range was 210 to 262 months imprisonment.  Blakney was sentenced, in accordance with the plea agreement, to 180 months to run concurrently with his state sentence on an unrelated case.  At the same time, he was sentenced to one day for violation of supervised release on an unrelated federal conviction.

Blakney filed a timely appeal challenging the denial of his motion to suppress and the finding that he qualified as an armed career criminal. The Third Circuit Court of Appeals affirmed his conviction. *United States v. Blakney*, 558 Fed. App'x 300 (3d Cir. 2014).

Blakney filed a timely *pro se* motion pursuant to 18 U.S.C. § 2255, which he supplemented one month later. He reiterates his challenges to the search warrant under *Franks* and his armed career criminal status. As to the search warrant, Blakney argues that the detective's testimony at his subsequent trial in state court was inconsistent with his testimony at the suppression hearing in this case. His challenge to his armed career criminal status invokes the holding in *Johnson v. United States*, 576 U.S. ___, 135 S.Ct. 2551 (2015), that the residual clause in 18 U.S.C. § 924(e)(2)(B) is unconstitutional.

### Discussion

Blakney seeks to relitigate his pretrial motion to suppress. He claims that Detective Sweeney, the affiant on the search warrant, testified differently at his later state court trial than he had at the suppression hearing.

Once again, we find that there were no material omissions or false statements in the affidavit in support of the search warrant. Reviewing the testimony at the state court trial, we have found nothing that would alter our findings and conclusions with respect to the search warrant. There is nothing materially different between the two pro- ceedings. Even if we accept Blakney's claim that Sweeney gave different versions of what he knew at the time he applied for the warrant, those differences would not amount to materially false statements or omissions of relevant facts warranting suppression. There is nothing in the

record that would justify a finding that Sweeney knowingly and intentionally or with reckless disregard for the truth misrepresented material facts to secure the warrant.

In short, there was no fundamental defect in the suppression proceedings that resulted in a miscarriage of justice.  The proceedings were fair.  Thus, we shall deny Blakney's motion to the extent he raises a claim under *Franks*.

Blakney's claim under *Johnson v. United States* has been raised in a counseled § 2255 motion.  Therefore, we shall dismiss his *Johnson* claim without prejudice and decide it in ruling on his subsequent § 2255 motion.