### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 11-562-1** |
| | : | |
| **v.** | : | |
| | : | |
| **JAMES BLAKNEY** | : | |

### MEMORANDUM

**Savage, J.**                                                          **September 2, 2021**

After pleading guilty to the offense of felon in possession of a firearm, James Blakney was sentenced to a fifteen-year mandatory minimum prison sentence under the Armed Career Criminal Act ("ACCA").   His sentence was predicated on three prior qualifying convictions, two for drug offenses and one for robbery.   Relying on *Borden v. United States*, 141 S. Ct. 1817 (2021), he contends his second-degree robbery conviction under Pennsylvania law no longer qualifies as an ACCA predicate offense because it involved a *mens rea* of recklessness and the Supreme Court has declared that a reckless offense does not count as a violent felony for purposes of ACCA.[1]   If Blakney is correct, he is entitled to resentencing.

The government opposes the motion, arguing that the prior robbery conviction still qualifies as a violent felony as defined in ACCA.   It maintains that Blakney has not shown that his robbery conviction was based on a provision in the robbery statute that permits conviction for reckless conduct rather than intentional conduct.   So, it argues, *Borden* does not affect his sentence.

---

[1] Blakney filed a motion under 28 U.S.C. § 2255 seeking relief on the basis of *Johnson v. United States*, 135 S. Ct. 2551 (2015), challenging his second-degree robbery conviction as an ACCA predicate.   He has filed an emergency motion for bail, arguing that *Borden* requires that his sentence be vacated.   We treat his present filing as a supplement to his § 2255 motion.

We conclude that the Pennsylvania second-degree robbery statute is indivisible, requiring us to apply the categorical approach in determining whether Blakney's Pennsylvania robbery conviction can serve as an ACCA predicate.   Using this approach, we cannot determine that Blakney was not convicted for reckless conduct.   Thus, because his robbery conviction no longer qualifies as an ACCA predicate violent offense under *Borden*, he must be resentenced.

## Discussion

In evaluating the substance of a prior conviction under ACCA, we apply a "categorical approach".   *Taylor v. United States*, 495 U.S. 575, 600 (1990).   We "look only at the fact of conviction and the statutory definition of the prior offense."   *Id.* at 602. This approach necessarily requires that we identify the elements of the offense.

To assist in conducting the categorical approach where the statute is divisible, a court may engage in a "modified approach" that is not a substitute for the categorical approach, but an aid.   *Shepard v. United States*, 544 U.S. 13, 26 (2005).   Using the modified approach, a Court may consult the "charging document, written plea agreement, transcript of plea colloquy and any explicit factual finding by the trial judge to which the defendant assented."   *Id.* at 16.   The modified approach is used only to assess the conviction under a divisible statute so the court can determine under which alternative elements the defendant was convicted.   *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016).

Pennsylvania's second-degree robbery statute provides that "a person is guilty of robbery if, in the course of committing a theft, he . . . inflicts bodily injury upon another or

2

threatens another with or intentionally puts him in fear of immediate bodily injury."   18 Pa. Cons. Stat. § 3701(a)(1)(iv).   The government argues that the statute is divisible, setting forth two separate crimes during the commission of a theft -- one for infliction of bodily injury which it concedes includes reckless conduct, and the other for threatening or intentionally placing another in fear of immediate bodily injury which it contends does not involve recklessness.   Blakney contends the statute is indivisible and it is not possible to discern under which alternative he was convicted.   Hence, we must decide whether the statute is divisible and then whether the provision under which Blakney was convicted involved recklessness.

The government's argument that the statute is divisible is premised on its own reading, unsupported by any Pennsylvania court decision, that the statute sets out two separate crimes.   It reads the threat and the placement of fear of immediate bodily injury alternatives of subsection (iv) together as constituting one crime while the infliction of bodily injury is the other.   The government concedes that one crime may be committed by reckless conduct while the other requires intentional conduct. So, it conveniently joins together the two remaining parts as a single crime that requires intentional conduct.   It does not explain why the threat and placing of another in fear are not separate crimes. It appears the government parsed the statute into parts to accommodate its argument to get around *Borden*.

The government's argument also posits that a threat always involves intentional conduct.   It assumes the defendant must intend to threaten the victim for the victim to be threatened.   That is not always true.   Just as a defendant can cause bodily injury

3

recklessly, so too could he pose a threat recklessly without intending to do so.   In other words, without the defendant intending to threaten another, that person may feel threatened by the defendant's actions.   In that case, it may be the defendant's reckless conduct that resulted in a threat.   Indeed, the word "intentionally" does not qualify the threat alternative.   It appears only before the third alternative, placing another in fear of immediate bodily injury.

We must determine whether § 3701(a)(1)(iv) lists means or elements.   Elements are prerequisites to conviction.   Means are ways a statute may be violated, ways an element can be proven.

In determining whether the alternative acts are elements or means, a court looks to the "statute and any court decision definitively answering the question."   *Mathis*, 136 S. Ct. at 2256-57.   If the answer remains unclear, the court may "peek" at the *Shepard* documents for the limited purpose of determining whether the alternative acts are elements or means.   *Id.* at 2257.

The Pennsylvania second-degree robbery statute, on its face, appears indivisible. It is disjunctively phrased.   It allows for a conviction based on one of three different acts having different *mens rea* requirements.   In determining whether these alternatives render the statute divisible, we must decide whether they are elements or means.   If they are means, the statute is not divisible.   If they are elements, it is divisible and we may resort to the modified approach, consulting the *Shepard* documents to identify for which alternative conduct the defendant was convicted.

No Pennsylvania court decision has squarely addressed whether the constituent

4

parts of subsection (iv) are elements or means.   The *Pennsylvania Suggested Standard Criminal Jury Instructions* offer guidance.   *See United States v. Steiner*, 847 F.3d 103, 119 (3d Cir. 2017).   Mirroring the statute, the second-degree robbery instruction requires the jury to find "two elements":   (1) that the defendant inflicted bodily injury on the victim *or* threatened the victim with immediate bodily injury *or* put the victim in fear of immediate bodily injury; and (2) that the defendant did so during a theft.   PBI *Pennsylvania's Suggested Standard Criminal Jury Instructions* § 15.3701(B) (3d ed. 2016).   When the defendant is charged under the three alternatives, the jury is not instructed that it is required to agree which alternative of the first element applies.   The lack of a unanimity requirement demonstrates that subsection (iv) lists means by which the second element may be proven.   Where the jury is free to choose between alternatives "that is as clear indication as any that each alternative is only a possible means of commission, not an element that the prosecutor must prove to a jury beyond a reasonable doubt."   *Mathis*, 136 S. Ct. at 2557.

In *Commonwealth v. Payne*, 868 A.2d 1257, 1262 (Pa. Super. 2005), the court noted the difficulty of discerning the crime of conviction when the jury is left to decide what conduct or act among several alternatives the defendant committed.   *Payne* addressed whether an aggravated assault conviction merged with the defendant's robbery conviction for sentencing purposes.   To decide the issue, the Pennsylvania Superior Court had to determine under which specific robbery provision of the statute the defendant had been convicted.   The jury had been instructed on both § 3701(a)(1)(i) and (ii).   The court observed that the jury's general verdict was ambiguous because the jury had been

5

instructed on various subsections of the statute. *Payne* supports the notion that the subsections of the statute are means when charged together.

In *United States v. Singleton*, 252 F.Supp.3d 423 (E.D.Pa. 2017), Judge McHugh, in a thorough and well-reasoned opinion, held that Pennsylvania's first-degree robbery statute is not divisible when a defendant is charged under its three subsections. In reaching his conclusion, Judge McHugh found that when the three subsections of the first-degree robbery statute are charged and the jury is instructed on all three, the statute is indivisible. Using the categorical approach, he concluded that it was not possible to determine under which subsection of the statute Singleton was convicted. Accordingly, he concluded that the defendant's prior robbery convictions did not count as prior violent felonies under ACCA.

Although Judge McHugh construed the first-degree robbery statute, his reasoning applies with equal force to the second-degree robbery statute. He found that when a defendant is charged under all three sections of § 3701(a)(1)(i)-(iii), the statute is indivisible. Similarly, Blakney was convicted under § 3701(a)(1)(iv) that includes the same three variants set out in § 3701(a)(1)(i)-(iii).

The same analysis Judge McHugh applied in determining that the first-degree robbery statute was indivisible applies to the second-degree robbery statute. Without reiterating Judge McHugh's reasoning, we adopt and apply it here.

The result in *Singleton* compels the same result here. On the face of the statute and the jury instruction, it is not possible to determine what part of the first element constitutes Blakney's crime of conviction. It could be either of the three alternatives, at

least one if not two of which include reckless conduct.   Under *Borden*, an offense with a *mens rea* of recklessness does not qualify as a violent felony under ACCA.   Therefore, we shall grant Blakney's § 2255 motion and order resentencing.[2]

---

[2] Blakney is not entitled to an automatic reduction of sentence from the 15-year mandatory sentence.   His custodial guideline range was 188-235 months, based on a total offense level of 31 and a criminal history category of VI.